## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD P. JOHNSON**, individually and as the personal representative of the Estate of **H. PAUL JOHNSON**, deceased, | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | |
| **ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST,** as successor in interest to **Allis-Chalmers Corporation** | ) ) ) ) ) ) | |
| **A.O. SMITH COMPANY** | ) ) | **Civil Action No.:** |
| **ARMSTRONG INTERNATIONAL, INC.** | ) ) ) | |
| **ASCO VALVE, INC.** | ) ) | _____ |
| **ATLAS VALVE COMPANY, INC.** | ) ) | |
| **AURORA PUMP** | ) ) | **JURY DEMAND** |
| **A.W. CHESTERTON COMPANY** | ) ) | |
| **AMERICAN OPTICAL CORPORATION** | ) ) ) | |
| **BAKER HUGHES INCORPORATED** | ) ) ) | |
| **BECHTEL, INC.** | ) ) | |
| **BETZ LABORATORIES, INC.** | ) ) | |
| **BORG-WARNER CORPORATION** | ) ) ) | |
| **CAMERON INTERNATIONAL CORPORATION** | ) ) ) | |

|  |  |
|---|---|
| **CASHCO, INC.** | ) |
|  | ) |
|  | ) |
| **CBS CORPORATION,** f/k/a | ) |
| **Viacom, Inc.**, successor by merger | ) |
| with **CBS Corporation**, f/k/a | ) |
| **Westinghouse Electric Corporation** | ) |
|  | ) |
| **CERTAINTEED CORPORATION** | ) |
|  | ) |
| **CHEMINEER, INC.** | ) |
|  | ) |
| **CIRCOR INTERNATIONAL,** | ) |
| **INC.** | ) |
|  | ) |
| **CLARK RELIANCE** | ) |
| **CORPORATION** | ) |
|  | ) |
| **COPES-VULCAN, INC.** | ) |
|  | ) |
| **CLEAVER-BROOKS, INC.** | ) |
|  | ) |
| **CORNELL PUMP COMPANY** | ) |
|  | ) |
| **CRANE COMPANY** | ) |
|  | ) |
| **CROWN CORK & SEAL CO.,** | ) |
| **INC.**, individually and as successor | ) |
| in interest to **Mundet Cork** | ) |
| **Corporation** | ) |
|  | ) |
| **CROWN HOLDINGS, INC.** | ) |
|  | ) |
| **DEZURIK VALVE COMPANY**, a | ) |
| division of **SPX Corporation** | ) |
|  | ) |
| **EATON ELECTRICAL, INC.** | ) |
|  | ) |
| **EMERSON ELECTRIC** | ) |
| **COMPANY** | ) |
|  | ) |
| **ERICSSON, INC.** | ) |
|  | ) |
| **THE FALK CORPORATION** | ) |
|  | ) |
| **FISCHER PROCESS** | ) |

**INDUSTRIES** )
)
**FLOWSERVE CORPORATION**, )
individually and as successor in )
interest to **Durco International** and )
**Pacific Pumps** )
)
**FLOWSERVE CORPORATION**, )
d/b/a **Anchor Darling Valves** )
)
**FLUOR CORPORATION** )
)
**FMC CORPORATION**, )
individually and as successor in )
interest to **Peerless Pump Co.** )
)
**THE FOXBORO COMPANY** )
)
**GARDNER DENVER, INC.** )
)
**GENERAL ELECTRIC** )
**COMPANY** )
)
**GEORGIA-PACIFIC LLC**, )
individually and as successor in )
interest to **Bestwall Gypsum** )
**Company** )
)
**GOULDS PUMPS,** )
**INCORPORATED** )
)
**HAMILTON MATERIALS, INC.** )
)
**HONEYWELL, INC.** )
)
**HONEYWELL** )
**INTERNATIONAL INC.**, )
individually and as successor in )
interest to **Allied Chemical Inc.**, )
f/k/a **Bendix Corporation** )
)
**IDEX CORPORATION**, )
individually and as successor in )
interest to **Viking Pump, Inc.** )
)
**IMO INDUSTRIES, INC.**, f/k/a )

**IMO Delaval, Inc.,** f/k/a )
**Transamerican Delaval, Inc.,** f/k/a )
**Delaval Turbines, Inc.** )
  )
**INDUSTRIAL HOLDINGS** )
**CORPORATION**, f/k/a **The** )
**Carborundum Company** )
  )
**INGERSOLL-RAND COMPANY** )
  )
**ITT CORPORATION** )
  )
**JOHNSTON PUMP COMPANY** )
  )
**JOY TECHNOLOGIES, INC.** )
  )
**KAISER GYPSUM COMPANY,** )
**INC.** )
  )
**KENTILE FLOORS, INC.** )
  )
**KROGH PUMP COMPANY** )
  )
**LEEDS & NORTHRUP** )
**COMPANY** )
  )
**THE MARLEY-WYLAIN** )
**COMPANY** )
  )
**MAXON INDUSTRIES, INC.** )
  )
**MCWANE, INC.** )
  )
**METROPOLITAN LIFE** )
**INSURANCE COMPANY** )
  )
**MINE SAFETY APPLAINCES** )
**COMPANY** )
  )
**MILTON S. FRANK COMPANY,** )
**INC.** )
  )
**THE MILTON ROY COMPANY** )
  )
**MOYNO, INC.** )
  )

MUELLER STEAM SPECIALTY  )
)
ORBIT VALVE COMPANY  )
)
OWENS-ILLINOIS, INC.  )
)
PARKER-HANNIFIN  )
CORPORATION  )
)
PENTAIR, INC.  )
)
PHARMACIA CORPORATION  )
)
ROCKWELL AUTOMATION,  )
INC.  )
)
ROPER PUMP COMPANY  )
)
SAINT-GOBAIN ABRASIVES,  )
INC., f/k/a Norton Company  )
)
SCHNEIDER ELECTRIC USA,  )
INC., individually and on behalf of  )
Square D Company  )
)
SEPCO CORPORATION  )
)
SPX COOLING  )
TECHNOLOGIES, INC., f/k/a  )
Marley Cooling Technologies, Inc.  )
)
STERLING FLUID SYSTEMS  )
(USA), LLC, f/k/a Peerless Pump  )
Company  )
)
TRANE U.S., INC., f/k/a American  )
Standard, Inc.  )
)
THE WALWORTH COMPANY  )
)
WARREN PUMPS, INC.  )
)
WHITING CORPORATION  )
)
THE WILLIAM POWELL  )
COMPANY  )

|                                      |     |
|--------------------------------------|-----|
| **WINSTON BROTHERS, INC.**           | )   |
|                                      | )   |
|                                      | )   |
| **WOODWARD GOVERNOR**                | )   |
| **COMPANY**                          | )   |
|                                      | )   |
| **YEOMANS CHICAGO**                  | )   |
| **COMPANY**                          | )   |
|                                      | )   |
| **YORK INTERNATIONAL**               | )   |
| **CORPORATION**                      | )   |
|                                      | )   |
| **ZURN INDUSTRIES, LLC**             | )   |
|                                      | )   |
| **JOHN DOE, 1-100,** inclusive       | )   |
| premises owners, manufactures,       | )   |
| sellers or installers of asbestos-   | )   |
| containing materials and products    | )   |
| (Names & Addresses unknown),         | )   |
|                                      | )   |
| **Defendants.**                      | )   |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW the Plaintiff **RONALD P. JOHNSON**, individually and as Personal Representative of the Estate of **H. PAUL JOHNSON**, deceased, complaining of the Defendants listed below, and for cause of action would show the Court and Jury as follows:

### I.

### PARTIES

1.      Plaintiff, **RONALD P. JOHNSON,** Individually and as Personal Representative of the Estate of H. Paul Johnson, deceased, is deemed a resident of Wyoming pursuant to 28 U.S.C. §1332 in that he is a legal representative of the Estate of

H. Paul Johnson, deceased, who resided and died in Wyoming.  Ronald P. Johnson is the son of H. Paul Johnson, deceased and Personal Representative of the Estate of H. Paul Johnson, deceased.  He lives in Alcova, Wyoming.

2.     **ALLIS-CHALMERS  CORPORATION  PRODUCT  LIABILITY TRUST**, as successor in interest to Allis-Chalmers Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

3.     **A.O. SMITH COMPANY**, Delaware corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL  36104.

4.     **ARMSTRONG INTERNATIONAL INC.**, a Michigan corporation, may be served through its registered agent c/o Stephen P. Gibson, 2081 Southeast Ocean Boulevard, 4th Floor, Stuart, FL  34996.

5.     **ASCO VALVE, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

6.     **ATLAS VALVE COMPANY, INC.**, a New York corporation, may be served through its highest ranking officer at 81 Pondfield Road #312, Bronxville, NY 10708.

7.     **AURORA PUMP**, an Illinois company, may be served through its registered agent c/o Lynette Jones, 13175 Balantyne Corporate Place, Charlotte, NC 28277.

8.     **A.W. CHESTERTON COMPANY**, a Massachusetts corporation, may

be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

9.      **AMERICAN OPTICAL CORPORATION**, a Delaware corporation, may be served c/o Maurice Cunniffe, 63 John Street, Greenwich, CT 06831.

10.      **BAKER HUGHES INCORPORATED**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

11.      **BECHTEL, INC.**, a Nevada corporation, may be served through its registered agent at 50 Beale Street, San Francisco, CA 94105.

12.      **BETZ LABORATORIES, INC.**, a Pennsylvania corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

13.      **BORG-WARNER CORPORATION**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

14.      **CAMERON INTERNATIONAL CORPORATION**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

15.      **CASHCO, INC.**, a Delaware corporation, may be served c/o Gary A. Dohnner, 433 N Camden Drive 400-125, Beverly Hills, CA 90210.

16.      **CBS CORPORATION**, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation, may be

served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

17.  **CERTAINTEED CORPORATION**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

18.  **CHEMINEER, INC.**, a Delaware corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

19.  **CIRCOR INTERNATIONAL, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

20.  **CLARK RELIANCE CORPORATION**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

21.  **COPES-VULCAN, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

22.  **CLEAVER-BROOKS, INC.**, a division of Aqua Chem, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

23.  **CRANE COMPANY**, an Illinois corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

24.     **CROWN CORK & SEAL COMPANY, INC.**, individually and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA 19154.

25.     **CROWN HOLDINGS, INC.**, a Pennsylvania corporation, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA 19154.

26.     **DEZURIK VALVE COMPANY**, a Division of SPX Corporation, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

27.     **EATON ELECTRICAL, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 9360 Glacier Highway, Suite 202, Juneau, AK 99801.

28.     **EMERSON ELECTRIC COMPANY**, a Missouri corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

29.     **ERICSSON, INC.**, a Delaware corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

30.     **THE FALK CORPORATION**, a Wisconsin corporation, may be served c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

31.     **FISCHER PROCESS INDUSTRIES**, an Ohio corporation, may be served c/o 155 Commerce Blvd, Loveland, OH 45140

32.     **FLOWSERVE CORPORATION**, d/b/a Anchor Darling Valve, a New York corporation, may be served through its registered agent c/o CT Corporation System,

2 North Jackson Street, Suite 605, Montgomery, AL 36104.

33.     **FLOWSERVE CORPORATION**, f/k/a Durco International, Inc., successor in interest to the Duriron Company, Inc., a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

34.     **METROPOLITAN LIFE INSURANCE COMPANY**, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

35.     **FLUOR CORPORATION**, a Delaware corporation, may be served c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

36.     **FMC CORPORATION**, individually and as successor in interest to Peerless Pump Co., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

37.     **THE FOXBORO COMPANY**, a Massachusetts corporation, may be served c/o CAROL LUCAS, 33 COMMERCIAL STREET, BLDG 52-1L, FOXBORO, MA 02035.

38.     **GARDNER DENVER, INC**., a Delaware corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

39.     **GENERAL ELECTRIC COMPANY**, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

40.     **GEORGIA-PACIFIC LLC**, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

41.     **GOULDS PUMPS, INCORPORATED**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

42.     **GUARD-LINE, INC.**, a Texas corporation, may be served through its registered agent c/o H. Lee Stanley, 125 South Louise Street, Atlanta, TX 75551.

43.     **HAMILTON MATERIALS, INC.**, California corporation, may be served at 145 W. Meats Ave., Orange, CA 92865.

44.     **HONEYWELL, INC.**, a Delaware Corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

45.     **HONEYWELL INTERNATIONAL, INC.**, individually and as successor in interest to Allied Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

46.     **IDEX CORPORATION**, individually and as successor in interest to Viking Pump, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

47.     **IMO INDUSTRIES, INC.**, f/k/a IMO Delaval, Inc., f/k/a Transamerican Delaval, Inc., f/k/a Delaval Turbines, Inc., a New York corporation, may be served

through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

48.     **INDUSTRIAL HOLDINGS CORPORATION**, f/k/a The Carborundum Company, a New York corporation, may be served through its registered agent c/o The Prentice-Hall Corporation System, 80 State Street, Albany, NY  12207.

49.     **INGERSOLL-RAND COMPANY**, a New Jersey corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

50.     **ITT CORPORATION**, an Indiana corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

51.     **JOHNSTON PUMP COMPANY**, a Pennsylvania corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

52.     **JOY TECHNOLOGIES, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

53.     **KAISER GYPSUM COMPANY, INC.**, a Washington corporation, may be served through its registered agent c/o Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA  95833.

54.     **KENTILE FLOORS, INC.**, a/k/a Metex Manufacturing Corporation, a New York corporation, may be served through its highest ranking officer at United Capital Corp., 9 Park Place, Great Neck, NY  11021.

55.     **KROGH PUMP COMPANY**, a California corporation, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

56.     **LEEDS & NORTHRUP COMPANY**, a Delaware corporation, may be served c/o Frank J Bevvino, 1 High Ridge Park, Stanford, CT 06904.

57.     **THE MARLEY-WYLAIN COMPANY**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

58.     **MAXON INDUSTRIES, INC.**, a Wisconsin corporation, may be served c/o William A Maxon, 3204 W Mill Rd, Milwaukee, WI 53209.

59.     **MCWANE, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

60.     **MINE SAFETY APPLIANCES COMPANY**, a Pennsylvania corporation, may be served c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

61.     **MILTON S. FRANK COMPANY, INC.**, a California corporation, may be served c/o ANTONIO VALLA, 1990 N CALIFORNIA BLVD STE 1060, WALNUT CREEK, CA 94596.

62.     **THE MILTON ROY COMPANY**, a Pennsylvania corporation, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

63.     **MOYNO, INC.**, a Delaware corporation, may be served c/o Corporation

Service Company, 150 South Perry Street, Montgomery, AL 36104.

64. **MUELLER STEAM SPECIALTY**, a New York corporation, may be served through its highest ranking officer at 1491 NC Hwy 20 W, St. Pauls, NC 28384.

65. **ORBIT VALVE COMPANY**, an Arkansas corporation, may be served c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

66. **OWENS-ILLINOIS, INC.**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

67. **PARKER-HANNIFIN CORPORATION**, an Ohio corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

68. **PENTAIR, INC.**, a Minnesota corporation, may be served c/o Randall Hogan, Chief Executive Officer, 5500 Wayzata Boulevard, Suite 800, Golden Valley, MN 55416.

69. **PHARMACIA CORPORATION**, a Delaware corporation, may be served c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

70. **ROCKWELL AUTOMATION, INC.**, a Delaware corporation, may be served c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

71. **ROPER PUMP COMPANY**, a Delaware corporation, may be served c/o Corporation Service Company, 300 Deschutes Way Sw, Ste 304, Tumwater, WA 98501.

72. **SAINT-GOBAIN ABRASIVES, INC.**, f/k/a Norton Company, a

Massachusetts corporation, may be served through its registered agent c/o CT

Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

73.    **SCHNEIDER ELECTRIC USA, INC.**, individually and on behalf of

Square D Company, Inc., a Delaware corporation, may be served through its registered

agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL

36104.

74.    **SEPCO CORPORATION**, a California corporation, may be served

through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los

Angeles, CA  90017.

75.    **SPX COOLING TECHNOLOGIES, INC.**, f/k/a Marley Cooling

Technologies, Inc., a Delaware corporation, may be served through its registered agent

c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

76.    **STERLING FLUID SYSTEMS (U.S.A.) LLC**, f/k/a Peerless Pump

Company, a Delaware corporation, may be served through its registered agent c/o CT

Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

77.    **TRANE U.S., INC.**, f/k/a American Standard, Inc., a Delaware

corporation, may be served through its registered agent c/o CT Corporation System, 2

North Jackson Street, Suite 605, Montgomery, AL 36104.

78.    **THE WALWORTH COMPANY**, a Delaware corporation, may be

served c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL

36104.

79.    **WARREN PUMPS, INC.**, a Massachusetts corporation, may be served

through its registered agent c/o CT Corporation System, 101 Federal Street, Boston, MA

02110.

80.    **WHITING CORPORATION**, a Delaware corporation, may be serve c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

81.    **THE WILLIAM POWELL COMPANY**, an Ohio corporation, may be served through its registered agent c/o D.R. Cowart, 2503 Spring Grove Avenue, Cincinnati, OH 45214.

82.    **WINSTON BROTHERS, INC.**, a California corporation, may be served c/o Glenn B Winston, 182 Howard St #649, San Francisco, CA 94105.

83.    **WOODWARD GOVERNOR COMPANY**, a Delaware corporation, may be served at 2300 Hillsboro Rd, Ste 305, Nashville, TN 37212.

84.    **YEOMANS CHICAGO COMPANY**, an Illinois corporation, may be served c/o Walter W Morrissey, 1900 Spring Rd, Ste 200, Oak Brook, IL 60523.

85.    **YORK INTERNATIONAL CORPORATION**, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

86.    **ZURN INDUSTRIES, LLC**, a Pennsylvania corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

## II.

## JURISDICTION AND VENUE

87.    Plaintiff is a citizen of Wyoming.  Defendants are corporations all organized under the laws of various states other than Wyoming.  Defendants have done or are doing business in the State of Pennsylvania.  A complete diversity of citizenship

exists between Plaintiffs and Defendants as Plaintiff is a citizen of Wyoming; the Plaintiff's Decedent was a resident of Wyoming; and Defendants are corporations incorporated in states other than Wyoming and with principal places of business in states other than Wyoming and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants are doing business or have in the past done business in the Eastern District of Pennsylvania. Thus, the Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1332. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

88.     Asbestos cases filed in Federal Court are currently classified as "tag-along" cases which will be governed by multi-district litigation pending in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. The court in Philadelphia at this time controls jurisdiction of all asbestos cases being filed in the United States District Courts.

89.     Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

### III.

### BACKGROUND FACTS - PLAINTIFF

90.     Ronald P. Johnson is the duly qualified and appointed Personal Representative of the Estate of H. Paul Johnson, deceased, having been issued Letters of Administration by the District Court of the Seventh Judicial District, Natrona County, Wyoming, Probate No. 21695, on or about October 13, 2011.

91.     H. Paul Johnson, ("Plaintiffs' Decedent") died on December 11, 2009 from malignant mesothelioma, a cancer of the lining of the lung caused by asbestos

exposure.  Plaintiffs would show that Plaintiff's Decedent was exposed to asbestos during his employment in Wyoming as a carpenter.

92.     Plaintiff's Decedent suffered repeated exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, used and/or maintained by the defendants.

93.     At all times relevant hereto, with the exception of Metropolitan Life Insurance Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, and/or suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products").  In addition, each of the above-named Defendants, acting by and through their servants, agents, and employees, caused such asbestos products to be sold and placed into the stream of commerce.

## IV.

## BACKGROUND FACTS - THE DEFENDANTS

94.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

95.     With the exception of Defendant Metropolitan Life Insurance Company, each and every one of the above-named Defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials, including their

own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

## V.

## ALLEGATIONS

96.     Plaintiff's Decedent was diagnosed with, suffered from, and died of an asbestos-related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos."

97.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive, and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer, and other cancers.  Most airborne asbestos fibers are microscopic in size, fall at a very slow rate, and can easily be "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use.  Suspended asbestos fibers settle on all objects introduced into such environments, including, but not limited to, work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Such asbestos-laden clothing can contaminate a home, car, or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

98.     From approximately 1954 to 1994, Plaintiff's Decedent was exposed to asbestos and asbestos-containing products.

99.     During the above-stated years, Plaintiff's Decedent, while working with and around asbestos and asbestos products manufactured and supplied by Defendants, was caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

100.    At all times pertinent hereto, the product or products manufactured, distributed, sold, and supplied by the Defendant corporations reached Plaintiff's Decedent without any substantial changes in the condition of the product or products from the time they were sold.

101.    Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Plaintiff's Decedent with respirable asbestos fibers by one or more of the following means:

a.      installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying, and/or selling ACMs;

b.      recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold;

c.      failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on, or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold when the use of the same was reasonably foreseeable;

     d.      failing to maintain the work sites of Plaintiff's Decedent in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

     e.      failing to adequately warn Plaintiff's Decedent of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

     f.      In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner as to cause the release of asbestos fibers;

     g.      In addition, premises owners are sued for negligently installing, removing, maintaining, or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities, including their exposure to asbestos.

102.    At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance that is extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Plaintiff's Decedent's home and work environment, virtually insuring that he would constantly be exposed to asbestos.

## VI.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

103.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

104.    At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants are liable to the Plaintiff jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

        a.    For carelessly and negligently installing, distributing, supplying, manufacturing, and selling the said asbestos and asbestos products so as to cause injury to Plaintiff's Decedent;

        b.    For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

        c.    For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

        d.    For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

        e.    For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply, and sale of the said products;

        f.    For failing to warn and/or adequately warn of the dangers of the product or products when the Defendant corporations knew or should have

known that the use and/or exposure to the product or products would cause disease and injury;

g.      For failing to take reasonable precautions to warn of the dangers to which Plaintiff's Decedent was exposed when the Defendants knew or should have known of the said dangers;

h.      In failing to warn Plaintiff's Decedent what would be safe and sufficient wearing-apparel for a person who is exposed to or using the said product or products;

i.      For negligently failing to inform Plaintiff's Decedent of what would be safe, sufficient, and proper protective equipment and appliances when using or being exposed to the products;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the Defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label, or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.      For failing to warn Plaintiff's Decedent's employer of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and

scientific information relating to the harmful effects of exposure to

asbestos and asbestos-containing products and in prohibiting the

publication of certain scientific and medical articles.

WHEREFORE, Plaintiff demands judgment against each of the Defendants,

including the fictitious party Defendants, jointly and severally, and requests that punitive

damages be awarded to Plaintiff in an amount which will fairly and adequately

compensate the Plaintiff for the injuries and damages sustained by Plaintiff's Decedent

due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests

damages in an amount which will adequately reflect the enormity of the Defendants'

wrongful acts and which will effectively prevent other similar acts.  Plaintiff requests

reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment

consistent with the verdict and that it also award Plaintiff interest from the date of

judgment and the costs incurred by the court in managing this lawsuit.

## VII.

### SECOND CAUSE OF ACTION
### STRICT LIABILITY

105.    The Plaintiff adopts, alleges, and incorporates herein by reference all of

the averments and allegations set forth in the preceding paragraphs of this Complaint as if

fully set forth herein.

106.    The Defendants and/or their predecessor entities were engaged in, or

materially participated with others in the business of selling asbestos and materials

containing asbestos on machinery or equipment which specified said asbestos to be used

on same which was expected to and did reach Plaintiff's Decedent's places of

employment without substantial change in the condition in which it was sold, and where said asbestos dusts were inhaled and ingested by the Decedent in connection with his work.

107.    The asbestos and machinery or equipment was in a defective condition and unreasonably dangerous to Plaintiff's Decedent, who was an intended and foreseeable user or bystander during the use of asbestos.  These defects include, without limitation, the following:

a.    Inherent and known properties common to the asbestos sold by the Defendants that gave it unreasonably high potential for causing respiratory diseases, cancer, and other health problems to workers or members of such workers' households who would be exposed to asbestos;

b.    Lack of warnings or lack of sufficient warning by the Defendants, who were in a position of superior knowledge concerning the dangerous properties of asbestos when used for the purpose for which it was manugactured and sold, and which dangerous propensities were unknown to Plaintiff's Decedent;

c.    Lack of instruction or lack of sufficient instruction by the Defendants for eliminating or minimizing the health risks inherent in the use of asbestos;

d.    Lack of reasonable inspections by the Defendants of their asbestos products to ensure that such asbestos products contained sufficient warnings of the dangerous properties of asbestos;

e.      Lack of reasonable inspection by the Defendants of their asbestos products to ensure that such asbestos products contained sufficient warnings of the dangerous properties of asbestos;

f.      Lack of tests or lack of sufficient tests by the Defendants to determine and/or eliminate the harmful effects of asbestos on intended users and bystanders;

g.      Defective designs by the Defendants calling for the inclusion of asbestos in products that did not require asbestos and where alternate, equally suitable substances were available;

h.      Lack of warnings or lack of sufficient warnings by the Defendants upon their discovering the full extent of the dangers presented by asbestos-containing materials and products.

108.    Each of the Defendants knew or should have known that Plaintiff's Decedent would be exposed to their asbestos products without an inspection of the medical literature by the Decedent on the adverse health effects of asbestos.  By marketing the asbestos and machinery or equipment specifying said asbestos to be used on same the Defendants represented to the Decedent and to the public, who justifiably relied thereon, that asbestos was not dangerous.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff's Decedent due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff

requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## VIII.

### THIRD CAUSE OF ACTION
### GROSS, WILLFUL, AND WANTON MISCONDUCT

109.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

110.   The Defendants are liable to the Plaintiff for their gross, willful, and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to the Plaintiff's Decedent's health and physical condition.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff's Decedent due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a

judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## IX.

### FOURTH CAUSE OF ACTION
### CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

111.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

112.    Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

113.    Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything.  Furthermore, Metropolitan Life Insurance Company financially aided the asbestos industry in its endeavors to mislead and obfuscate.

114.    Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping the Plaintiff's Decedent, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

115.    Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

a.    Had no adequate basis for such representations;

b.    Knew that a significant health hazard to human life existed from asbestos.

116.    Defendant Metropolitan Life Insurance Company had reason to expect that, as a result of such representation, Plaintiff's Decedent, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated would be exposed to asbestos.

117.    Even after the dangers of asbestos finally began to be known to Plaintiff's Decedent, other business invitees, users, bystanders, household members, members of the general public, or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

c.    Prevent and delay Plaintiff's Decedent and others similarly situated from filing legal action to recover for these injuries and/or;

d.    Defeat and/or delay such legal actions and the final collection of any judgment.

118.     Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

119.     As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff's Decedent was exposed to asbestos and developed the asbestos-related diseases discussed and sustained the injuries described herein.

120.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Company, Plaintiff's Decedent was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, causing Plaintiff's Decedent to develop the asbestos-related disease aforesaid, which has disabled and disfigured Plaintiff's Decedent.  Plaintiff's Decedent was been compelled to expend and become liable for large sums of monies for hospital, medical, and other healthcare services necessary for the treatment of his asbestos-induced disease and conditions.  Plaintiff's Decedent experienced great physical pain and mental anguish as a result of his asbestos-induced disease and conditions and ultimately died from that disease.  Plaintiff's Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff's

Decedent due to Defendants' outrageous and/or other wrongful behavior. Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## X.

## DAMAGES

121.    Plaintiff adopts, alleges, and incorporates herein by reference all of the applicable averments, allegations, and disclaimers set forth in the preceding paragraphs of this Complaint as if fully set forth herein and further states:

122.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff's Decedent was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, causing Plaintiff's Decedent to develop the asbestos-related disease aforesaid, which disabled and disfigured Plaintiff's Decedent. Plaintiff's Decedent was been compelled to expend and become liable for large sums of monies for hospital, medical, and other healthcare services necessary for the treatment of his asbestos-induced disease and conditions. Plaintiff's Decedent experienced great physical pain and mental anguish as a result of his asbestos-induced disease and conditions and ultimately died from that disease. Plaintiff's Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

## XI.

### JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted this 9th Day of December,

G. PATTERSON KEAHEY (KEA004)
ASB-6357-A64G
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:          205-871-0707
FACSIMILE:  205-871-0801
EMAIL:          efile@mesohelp.com